IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DENNIS MALIPURATHU,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-12-458-M |
| | ) |
| **MARVIN VAUGHN, Warden,** | ) |
| | ) |
| Respondent.[1] | ) |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings pursuant to § 636(b)(1)(B) and (C).

**Petitioner's Filings and Procedural Background of the Case**

In his Petition filed April 25, 2012, Petitioner states that he is challenging his convictions in Case Nos. CF-2007-296 and CF-2007-313 in the District Court of Custer County, as well as in Case No. DC-2009-5, which "is a Drug Court case file for the Custer/Washita County area."[2] *Id.* at pp. 1-2. He further states that he pled guilty to the charges against him because "[a] guilty plea is required to enter into a Drug Court Plea

---

[1] The Petitioner has also listed the Oklahoma Attorney General as a Respondent. However, the state officer having custody of the applicant is the properly named respondent. See Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. Therefore, the Attorney General of the State of Oklahoma is dismissed as a Respondent.

[2] Unless otherwise indicated, quotations in this report are reproduced verbatim.

Agreement on all counts." *Id.* at 2. He states that on May 14, 2010, the State filed an application – grounded on Petitioner's violations of program rules which resulted in his discharge from two treatment facilities – requesting that Petitioner "be terminated from the Drug Court program and be sentenced in accordance with the Plea Agreement filed May 18, 2009." *Id.* at p. 13 and at Exhibit I, p. 2. Petitioner states that he was sentenced on May 17, 2010, and that his appeal from that sentence was "pending" in the Oklahoma Court of Criminal Appeals ("OCCA") in Case No. F-2010-867. Petition at pp. 1-2.

Petitioner maintains that he subsequently learned through 42 U.S.C. § 1983 litigation that one of the treatment facilities from which he was discharged was not accredited. *Id.* at p. 6. He describes his ensuing efforts through two motions filed in Custer County District Court to obtain consideration of this accreditation evidence, efforts that failed because he had a pending direct appeal. *Id.* at pp. 3-4. He further describes a Writ of Mandamus – filed with the Oklahoma Court of Criminal Appeals and dismissed as moot – that, in part, argued that his "newly discovered evidence" was not part of his appeal record. *Id.* at 4.

In the first four of his six enumerated grounds for habeas relief, Petitioner affirmatively pleads that he did not exhaust his state court remedies before seeking habeas relief because he only became aware of the facts underpinning his claims through a 42 U.S.C. § 1983 action that was filed after his direct appeal was underway. *Id.* at 5-6, 7-8, 9-10, and 11-12. Petitioner's sixth ground for habeas relief is that he received ineffective assistance of appellate counsel, a claim which Petitioner likewise acknowledges has not been exhausted. *Id.* at 14-15.

Petitioner subsequently filed a "Supplemental Attachment to Habeas Corpus Petition" [Doc. No. 11] (First Supplement) in which he advises that his direct appeal was denied on May 2, 2012, and that he now has two pending "motions" filed in Custer County, one of which is a May 8, 2012, letter, *id.* at Exhibit J, raising the issue of non-certification of the drug treatment facility, and the other a May 16, 2012, motion for suspended sentence, *id.* at Exhibit K, raising the same issue. Petitioner further states that in May, 2012, he filed a still-pending Petition for Rehearing before the OCCA. *Id.* at Exhibit L. The First Supplement also includes five new grounds for habeas relief. *Id.* at 5-15.

After Petitioner filed his First Supplement to the petition, Respondent filed a Motion to Dismiss for Failure to Exhaust Necessary State Remedies [Doc. No. 15], noting that Petitioner's revocation from drug court had been affirmed by the OCCA on May 2, 2012, and that Petitioner has not filed an application for post-conviction relief in the trial court. Addressing only the six grounds raised by Petitioner in his original habeas petition, Respondent maintains that Petitioner has raised allegations in his habeas petition that were not asserted on direct appeal and which "have never been presented to the OCCA because Petitioner has never sought post-conviction relief." *Id.* at 2. Respondent specifically declines to waive exhaustion in this matter. *Id.* at 4.

Petitioner responds in a document titled "Petitioner Has Exhausted State Remedy And Habeas Shall Be Heard" (Petitioner's Response), asserting that he "is in fear of filing a post-conviction application and should be excused[.]" Petitioner's Response, p. 1 [Doc. No. 18]. The reasons stated by Petitioner for his alleged fear are that the Custer County District Judge

has already denied his May 16, 2012, Motion for Suspended Sentence and that such denial establishes that the judge is biased and will no longer consider the merits of Petitioner's arguments. *Id.* He further maintains that he has now presented all of his habeas claims – including ineffective assistance of appellate counsel – to the OCCA in a Petition for Rehearing. *Id.* at 3. Finally, Petitioner has filed a Motion Seeking Leave of Court to Enter Second Supplemental Attachment [Doc. No. 19] in which is seeks to add yet another five grounds for habeas relief.

**Analysis**

Federal law provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available to the courts of the State." 28 U.S.C. § 2254(b)(1)(A). *See Baldwin v. Reese,* 541 U.S. 27, 29 (2004). This exhaustion requirement reflects the policies of comity and federalism between the state and federal governments and recognizes that "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quotation omitted). The exhaustion requirement is satisfied if the issues have been "properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary,* 36 F.3d 1531, 1534 (10th Cir. 1994). Petitioner bears the burden of showing that his State court remedies have been exhausted. *Hernandez v. Starbuck,* 69 F.3d 1089, 1092 (10th Cir. 1995). When a habeas

petition contains at least one unexhausted claim, dismissal of the entire action is required. *See Rose v. Lundy,* 455 U.S. 509, 522 (1982) (dismissal of the entire action is necessary when a petition contains both unexhausted and exhausted claims).

In this regard, Petitioner affirmatively states that he has asserted grounds for habeas relief – ineffective assistance of appellate counsel, for example – which he has raised for the first time before the OCCA through a Petition for Rehearing.[3] First Supplement, p. 4. He acknowledges that such motion is still pending before the OCCA. *Id.* Accordingly, Petitioner has not exhausted his State court remedies, and the petition should be dismissed without prejudice as a result of that failure.

### **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be dismissed without prejudice. In addition, if this recommendation is adopted, it is recommended that Petitioner's Motion Seeking Leave of Court to Enter Second Supplemental Attachment [Doc. No. 19] be denied as moot. The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by August 7, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F. 2d 656 (10th Cir.

---

[3] The undersigned is only repeating Petitioner's allegations and makes no finding that Petitioner has utilized an appropriate method of exhausting his habeas claims.

1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 18th day of July, 2012.

*[signature]*
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE